IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:12-CR-240-ADA** |
| | § | |
| **KEITH EDWARD WILLIAMS** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Securities of the States and Private Entities, in violation of 18 U.S.C. § 513(a). The Defendant was sentenced to 27 months imprisonment; Three (3) years of supervised release; $100 special assessment; $1,534.49 restitution. Defendant was released to supervision on December 5, 2019.

On August 12, 2022, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (ECF No. 38), alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision

should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instance:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that Mr. Williams committed a new crime, in that on April 18, 2022, he was arrested and charged with Aggravated Robbery, in violation of Texas Penal Code 29.02; and Possession of a Controlled Substance PG1 < 1 gram, in violation of Texas Health and Safety Code 481.115.

On December 17, 2024, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision (ECF No. 50), alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instance:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that Mr. Williams committed a new crime, in that on April 18, 2022, he was arrested and charged with Aggravated Robbery, in violation of Texas Penal Code 29.02; and Possession of a Controlled Substance PG1 < 1 gram, in violation of Texas Health and Safety Code 481.115.

On January 7, 2025, the Court held a hearing on the amended petition. At that hearing, Defendant plead TRUE as to violation number 1. The petition contained a sufficient factual basis to support a plea of TRUE.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violation 1.
3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violation 1.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's plea of TRUE to violation number 1.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that he be sentenced to eighteen (18) months imprisonment, with credit for time already served in federal custody, and no term of supervised release to follow. The Court **RECOMMENDS** a downward departure from the sentencing guideline range of imprisonment because of the amount of time the Defendant has already spent in state custody for the conduct underlying the violation asserted in the amended petition.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of January, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE